UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dewayne Gee,

               Plaintiff,      Case No. 25-cv-11599

v.                           Judith E. Levy
                              United States District Judge

Bank of America, *et al.*,

                           Mag. Judge Kimberly G. Altman

            Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiff Dewayne Gee initiated this action against Defendants Bank of America and Chex Systems, Inc. on May 30, 2025. On that date, he filed a complaint (ECF No. 1) and an application to proceed in district court without prepaying fees or costs. (ECF No. 2.) Plaintiff is self-represented or proceeding *pro se.*

On June 9, 2025, the Court issued an order striking Plaintiff's application to proceed in district court without prepaying fees or costs. (ECF No. 5.) The application was stricken because it "[c]ontain[ed] information that must be redacted" under Federal Rule of Civil Procedure 5.2 and because it "d[id] not provide the required financial

information." (*Id.* at PageID.18–19.) The Court's order stated that "Plaintiff must file a new application with completed information by **June 17, 2025**." (*Id.* at PageID.20 (emphasis in original).) Plaintiff did not file a revised application by that deadline.

On July 2, 2025, the Court issued a show cause order in which it ordered Plaintiff to "either file a complete application or show cause in writing by Wednesday, July 16, 2025 why this matter should not be dismissed for failure to prosecute, pursuant to Eastern District of Michigan Local Rule 41.2." (ECF No. 8, PageID.26.) Plaintiff then filed an application to proceed in district court without prepaying fees or costs on July 10, 2025. (ECF No. 9.) The Court vacated its show cause order (ECF No. 11), granted Plaintiff's application (ECF No. 12), directed service of process by the U.S. Marshal (ECF No. 13), and extended the service deadline. (ECF No. 14.) A note on the docket reflects that service documents were received by the Clerk's Office—presumably from Plaintiff—on December 1, 2025. (*See* ECF No. 13, PageID.36 (directing Plaintiff to "complete and present to the Clerk's Office [certain] documents to effect service").)

In January 2026, Defendants filed separate motions for an extension of time to respond to Plaintiff's complaint. (ECF Nos. 19, 22.) They asked that the response deadline be extended to January 26, 2026. (*Id.*) Each motion indicates that Defendants' attorney "sought consent from Plaintiff via [phone and/or email] to extend [Defendants'] time to answer or otherwise respond to the Complaint . . . but [did] not receive[ ] a response to confirm concurrence." (ECF No. 19, PageID.51; ECF No. 22, PageID.57–58.) The Court granted both motions.

On January 26, 2026, Defendants filed a motion to dismiss. (ECF No. 24.) The motion contains the following sentence: "In accordance with [Eastern District of Michigan] Local Rule 7.1, Defendants' counsel states it has not been able to connect with *pro se* Plaintiff and request concurrence in the relief sought, therefore concurrence, or any position on Defendants' motion to dismiss, has not been attained." (*Id.* at PageID.65–66.) On February 8, 2026, the Court issued a notice of determination of the motion without oral argument in which it specified that the response to the motion to dismiss was due February 17, 2026 and the reply was due March 3, 2026. (ECF No. 25.) There is no indication on the docket that the copy of the Court's notice setting a briefing

3

schedule that was mailed to Plaintiff was returned to the Court as undeliverable.

On March 5, 2026, Defendants filed a document titled "Notice of Plaintiff's Non-Opposition to Defendants' Motion to Dismiss." (ECF No. 26.) Defendants state that as of the date of the notice, "Plaintiff has not filed a response to Defendants' Motion to Dismiss." (*Id.* at PageID.91.)

On May 4, 2026, the Court issued an order requiring Plaintiff to inform the Court whether he wishes to pursue the case. (ECF No. 28.) The order discussed the case's procedural history and instructed that "Plaintiff must inform the Court in writing by **May 18, 2026** whether he wishes to pursue the case." (*Id.* at PageID.96 (emphasis in original).) The order warned Plaintiff that "[**f**]**ailure to timely respond to this order will be construed as concurrence with Defendants' motion to dismiss and will result in the dismissal of the case.**" (*Id.* (emphasis in original).) The docket does not reflect that Plaintiff did not receive a copy of the Court's order due to service issues. The deadline imposed in the Court's order elapsed approximately two months ago, and the Court has not received any communication from Plaintiff. Plaintiff has not responded to the Court's order or asked for more time to respond. Nor has

4

Plaintiff responded to Defendants' motion to dismiss or requested an extension of the response deadline, which has also passed.

The Court dismisses this case due to Plaintiff's failure to comply with the Court's orders and his failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024); *see* 9 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2369 (4th ed. 2026) ("[P]ro se plaintiffs are fully responsible for compliance with all court orders, rules, and schedules.").

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;

and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff appears to have abandoned the case. The docket reflects that Plaintiff has not submitted a document to the Court since July 10, 2025—over one year ago—when he filed his revised application to

proceed in district court without prepaying fees or costs.[1] (ECF No. 9.) On December 1, 2025, the Clerk's Office apparently received service documents from Plaintiff. But after that date, Plaintiff became unresponsive. The following month, in January 2026, Plaintiff did not respond to Defendants' lawyer's multiple communications regarding concurrence under Local Rule 7.1. (ECF No. 19, PageID.51; ECF No. 22, PageID.57–58; ECF No. 24, PageID.65–66.) Plaintiff then failed to respond to Defendants' motion to dismiss by the deadline specified by the Court. (ECF No. 25.) The Court issued an order in May 2026 requiring Plaintiff to inform the Court whether he wishes to pursue the case. (ECF No. 28.) Plaintiff did not respond to that order. Thus, Plaintiff has taken no action in the case since at least December 1, 2025, when the service documents were received by the Clerk's Office, which was more than seven months ago. "Although [Plaintiff's] conduct does not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

---

[1] Plaintiff submitted the revised application after the Court issued a show cause order on July 2, 2025 that noted his failure to file a corrected application by the deadline initially imposed by the Court. (ECF No. 8.)

The second factor goes both ways. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alterations in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). During the time that this case has been pending, Defendants filed motions to extend the time to respond to Plaintiff's complaint (ECF Nos. 19, 22), a motion to dismiss (ECF No. 24), and a notice of Plaintiff's non-opposition to their motion to dismiss. (ECF No. 26.) For the most part, Defendants' work on the case was not due to Plaintiff's lack of cooperation. The Court notes, however, that a possibility exists that Defendants' motions could have been avoided or narrowed if Plaintiff had responded to Defendants' counsel's inquiries regarding concurrence. And Defendants would not have filed their notice of non-opposition if Plaintiff had responded to their motion to dismiss. The Court recognizes that "'[D]efendants cannot be expected to defend an action' that Plaintiff has 'apparently abandoned, not to mention the investment of time and resources expended to defend this case.'" *Smith v. Washington*, No. 24-

12652, 2025 WL 2373946, at *2 (E.D. Mich. June 30, 2025) (quoting *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008)), *report and recommendation adopted*, No. 24-12652, 2025 WL 2092390 (E.D. Mich. July 25, 2025).

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Here, the Court warned Plaintiff in its May 4, 2026 order requiring him to inform the Court whether he wishes to pursue the case that "[**f**]**ailure to timely respond to this order will be construed as concurrence with Defendants' motion to dismiss and will result in the dismissal of the case**." (ECF No. 28, PageID.96 (emphasis in original).)

The fourth factor also favors dismissal. The Court previously considered lesser sanctions prior to this dismissal order. After Plaintiff failed to respond to Defendants' motion to dismiss by the date specified by the Court, and in light of Plaintiff's non-participation in the case, the Court issued an order requiring Plaintiff to inform the Court whether he

9

wishes to pursue the case. (ECF No. 28.) Plaintiff has not responded to the Court's order. In the two months since the Court issued its order, Plaintiff has not indicated to the Court that he wishes to proceed with this litigation.

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss the case for failure to comply with the Court's orders and for want of prosecution. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

Accordingly, the case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: July 20, 2026                             s/Judith E. Levy
    Ann Arbor, Michigan              JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2026.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager

10